IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1278C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE
AND MOTION FOR AN ENLARGEMENT OF TIME

Defendant respectfully requests an enlargement of time to and including March 31, 2006, within which to respond to plaintiffs' complaints in the group of 21 cases identified herein.[1] The enlargement is part of an effort by the defendant

---

[1] In addition to this case, the 20 similar cases filed by plaintiff's counsel are: Interstate Van Lines, Inc., et al v. United States, Case No. 05-1285; All-American Van Lines, Inc. et al v. United States, Case No 05-1286; Action Household Goods Forwarders, Inc., et al, v. United States, Case No. 05-1287; Wheaton Van Lines, Inc., et al v. United States, Case No. 05-1288; Covan International, Inc. et al, v. United States, Case No. 05-1317; Freeway Van Lines, LLC, et al, v. United States, Case No. 05-1318; Alaska Coast Transport, Inc., et al, v. United States, Case No. 05-1319; Access Forwarding, Inc., et al, v. United States, Case No. 05-1320; A&P Shipping Corp., et al, v. United States, Case No. 05-1321; Paul Arbin Van Lines, Inc., et al, v. United States, Case No. 05-1322; Central Van Lines, Inc., et al, v. United States, Case No. 05-1323; Adele Forwarding, Inc., et al, v. United States, Case No. 05-1324; Apollo Express Van Co., Inc., et al, v. United States, Case No., 05-1325; ABBA International, Inc., et al, v. United States, Case No. 05-1326; Coleman American Moving Services, Inc., of Louisiana, et al, v. United States, Case No. 05-1327; Classic Forwarding, Inc., et al v. United States, Case No. 05-1328; AAAA Forwarding, Inc., et al, v. United States, Case No. 05-1331; Ambassador Van Lines, Inc., et al v. United States, Case No. 05-1332; Audobon Forwarding, LLC., et al, v. United States, Case No. 05-1356; and Aloha Worldwide Forwarders, Inc., et al, v. United States, Case No. 05-1357.

to organize and, ideally, consolidate these 21 cases into a single case for further proceedings.

Plaintiff's counsel filed these 21 complaints on several dates between December 12, 2005 and January 6, 2006. Each of the 21 complaints is brought by approximately 10 individual plaintiff corporations, for a total of approximately 210 plaintiffs. The allegations in all 21 complaints are identical. All 21 cases appear to arise out of the same operative facts and involve the same legal issues. Plaintiffs' counsel has indicated that the plaintiffs do not oppose consolidation of all 21 cases into a single case for further proceedings.

Defendant's response to plaintiffs' complaints are, or were, due on several dates between February 13, 2006, and March 9, 2006.[2] Upon receipt of the complaints, defendant's counsel of record promptly forwarded them to the United States Army for investigation and comment. The United States Army personnel are actively working upon collecting information that is necessary to respond to the complaints, but cannot provide complete and accurate information in the present time frame. The enlargement is necessary for the United States Army personnel to assemble the

---

[2] Responses to the complaints that were filed on December 12, 2005, were due on February 13, 2006. Defendant's counsel received the complaints in a series of groups and inadvertently failed to notice the earlier-filings in the groups and instead calendared the response date based upon some of the later-filed complaints in the groups. For that reason, to the extent that some of our responses are presently out of time, defendant respectfully requests that the applicable portion of this motion for enlargement be granted out of time.

necessary information, and to transmit it to defendant's counsel for examination and evaluation prior to formulation of the appropriate response, approval, and filing. Plaintiffs' counsel indicated that the plaintiffs would not oppose this enlargement if defendant agreed that the additional time would be calculated into a potential interest payment, if plaintiffs are successful in the case. Because defendant is not in a position to make such a stipulation, plaintiffs' counsel indicated that the motion should be considered to be opposed.

For the foregoing reasons, we respectfully request the Court to grant our unopposed motion to consolidate, including accepting this motion as being filed in all of the 20 other cases listed above, and to grant our motion for an enlargement of time to provide a single response to the consolidated case that is due on March 31, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391

Fax: (202) 353-7988

Attorneys for Defendant

February 22, 2006