IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 05-1278C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE ITS ANSWER

Plaintiffs Steven Van Lines, Inc., et al., hereby oppose defendant's Motion for Enlargement of Time of 46 days until March 31, 2006 to answer plaintiffs' complaint in this case which was filed December 12, 2005.[1] Although defendant's answer was due on February 13, 2006, defendant's motion for enlargement of time was not filed until February 23, 2006, 10 days after the answer was due.

The requested enlargement of time is patently unreasonable in this case which presents the single issue of whether defendant's agency, the Surface Distribution and Deployment Command (SDDC) of the Department of the Army, agreed to reimburse plaintiffs for the one percent (1%) of their total billings fee charged by defendant's private contractor, US Bank, for administering the PowerTrack automated billing system which defendant made mandatory for all contractors in the SDDC Personal Property Program.

[1] Defendant also moved to consolidate this case with 20 related cases involving a total of 208 plaintiffs. These complaints are identical to the complaint in Stevens case and arise out of the same set of facts.

Plaintiffs oppose the enlargement of time for defendant to file an answer in this single-issue case because defendant has had more than sufficient time to file its answer. To date, defendant has had plaintiffs' complaint for 74 days and now is requesting an additional 45 days, for a total of 119 days to file its answer. The sole reason alleged for requesting this delay is that the agency is collecting information "that is necessary to respond to the complaints." Certainly the question of whether or not SDDC agreed to reimburse plaintiffs for the one percent processing fee assessed by its agent US Bank could have been answered in 74 days and the additional 45 days is not needed for this purpose.[2]

Plaintiffs are prejudiced because the deduction of the PowerTrack fee from payments due them is ongoing. By virtue of the unilateral deductions by defendant's agent, US Bank, from monies admittedly due plaintiffs for the performance of requested services, defendant is enjoying the free use of plaintiffs' monies. The undersigned counsel for plaintiffs proposed to counsel for defendant that this harm to plaintiffs would be alleviated and we would not oppose the enlargement of time, if defendant agreed to pay interest to plaintiffs on the monies deducted by US Bank during the period of the requested delay. Defendant states in its motion that it does not agree to pay this interest.

---

[2] The matter of damages, as specifically provided for in the complaints, is subject to proof and need not be addressed at this time.

For the foregoing reasons, we respectfully request the Court to deny defendant's Motion for Enlargement of Time and direct defendant to file its answer forthwith.

Respectfully submitted,

s/Alan F. Wohlstetter
Alan F. Wohlstetter

By s/Stanley I. Goldman
Stanley I. Goldman
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Email: awohlstetter@aol.com
Attorney for Plaintiffs
Stevens Van Lines, Inc. et al.

DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Of Counsel

Dated: February 24, 2006