IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1278C (Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

1. The Surface Deployment and Distribution Command ("SDDC" or "Government"), an arm of the Department of Defense, provides transportation of household goods and unaccompanied baggage for military members and their families. PPFUF 1.

2. SDDC provides this service by soliciting generic rate quotes from transportation providers (referred to as "TSPs") and issuing individual work orders as the need arises. PPFUF 2.

3. SDDC obtains the rate quotes in six month "traffic cycles" that are divided into domestic and international categories. PPFUF 2.

4. In 2004, SDDC tested an electronic system for billing and payment by the TSPs called "Powertrack" which was administered by a company called U.S. Bank. PPFUF 3.

5. U.S. Bank charged the TSPs a one-percent fee for its service which was reimbursed to the TSPs by the Government during the 2004 test phase. PPFUF 3.

6. Following the 2004 test of Powertrack, in February 2005, SDDC published a notice in the Federal Register to the effect that the entire transportation solicitation/quotation/award system would be restructured (eventually transforming to a system called "Families First" (also called "DPS")), including the mandatory use of Powertrack for billing and payment. Pl. App. 70-71.

7. TSP's were advised that the one-percent fee would continue to be reimbursed until the Families First was in place, or until the effective date of the rates then being solicited became effective – in October 2005. Id.

8. The Families First system was slow to develop, eventually being shelved indefinitely. PPFUF 8, 11.

9. During the solicitation/quotation period under the existing system, but after May 18, 2005, when the TSPs submitted their initial rate quotes, George Thomas, a point of contact for the Government, exchanged communications with several TSPs where he indicated that the one-percent Powertrack fee would be reimbursed beyond October 2005. Pl. App. 31, 57, 59, 66.

10. This advice was contrary to the express wording in the Federal Register that the fee reimbursement would cease after October 2005. Pl. App. 70-71.

11. Although indicating that Powertrack reimbursement would continue beyond October 2005, Mr. Thomas's communications also

advised TSPs to include the cost of the Powertrack fee in their October 2005 rates.[1] Pl. App. 31, 57, 59, 66.

12. Mr. Thomas's advice about continuing reimbursement and/or including the Powertrack fee in the TSPs rates came after the TSPs had submitted their initial rates in May 2005. Id.

13. The TSPs's rate quotations have been used as the basis for payments since that time. PPFUF 20.

14. No reimbursements of the Powertrack fee have been made since October 2005. PPFUF 25-26, Pl. App. 7.

15. A new traffic cycle began in April/May 2006. PPFUF 2.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

[1] If the TSPs had heeded the notice in the Federal Register and included the Powertrack fee in their October 2005 rates, Stevens would not have a claim and this case would not exist.

Attorneys for Defendant

June 12, 2006