IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEVENS VAN LINES, INC., ET AL., Plaintiffs v. THE UNITED STATES, Defendant | No. 05-1278C (Judge Smith) |

MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

Plaintiffs Steven Van Lines, Inc., et al., hereby move, pursuant to the Rule 37 of the Court of Federal Claims, for an Order to compel defendant to answer certain interrogatories and to produce documents which defendant has withheld from plaintiffs. As grounds for this motion to compel, plaintiffs state as follows:

1. Plaintiffs served Plaintiffs' First Set of Interrogatories and Plaintiffs' Request for Production of Documents on defendant by hand delivery and, at defendant's request, also by e-mail on July 17, 2006. Pursuant to Order of the Court, defendant's responses to the interrogatories and document requests were due August 23, 2006.

INTERROGATORIES

2. On August 23, 2006, defendant served responses to the interrogatories on plaintiffs' counsel by hand delivery. Defendant did not respond to plaintiffs' interrogatories Nos. 4, 5, 6 and 7. Plaintiffs' counsel promptly notified defendant's counsel of the failure to respond on August 23, 2006 by telephone and by e-mail and defendant's counsel acknowledged the omission. By e-mails on September 14, and September 19, 2006, plaintiffs' counsel repeated the request that defendant respond to Interrogatories Nos. 4, 5, 6 and 7, but to date defendant has not responded.[1]

3. The Interrogatories to which defendant has not responded are as follows:

> "4. For each meeting, including in person and telephone discussions, of SDDC's officers or employees, occurring during the period January 1, 2004 to the present at which reimbursement or non-reimbursement of TSPs for PowerTrack fees paid or to be paid was discussed, identify the date and location of the meeting, the persons participating in the meeting and describe in detail what was discussed at the meeting."
>
> "5. For each meeting, including in person and telephone discussions, held during the period from January 1, 2004 through the present at which SDDC's officers or employees discussed with TSPs, representatives of the Household Goods Forwarders Association of America (HHGFAA) and of the American Moving & Storage Association (AMSA), or with other representatives of TSP interests, the matter of reimbursement or non-reimbursement of TSPs for PowerTrack fees paid or to be paid to U.S. Bank, identify the date and

[1] Copies of our e-mails to defendant's counsel of August 23 and September 14, 19 and 20, 2006 are attached hereto is Attachments A, B, C and D.

location of the meeting, the persons participating in the meeting and describe in detail what was discussed at the meeting."

"6. Identify each inquiry received by an officer or employee of SDDC from TSPs and representatives of the HHGFAA, AMSA or other representatives of TSP interests, during the period January 1, 2004 to the present relating to whether SDDC would reimburse TSPs for PowerTrack fees paid or to be paid to U.S. Bank. Identify the person who received each such inquiry and each person who was consulted in regard to each inquiry."

"7. Identify each response to each of the inquiries identified in response to Interrogatory No. 6 above."

4. Plaintiffs are entitled to defendant's responses to the above interrogatories Nos. 4, 5, 6 and 7 under COFC Rule 26 (b) (1). These interrogatories request information which is relevant to plaintiffs' claims before the Court for reimbursement of the PowerTrack fee. Defendant has no justification for not responding to these interrogatories.

DOCUMENT REQUEST FOR OTHER WITHHELD DOCUMENTS

5. Plaintiffs' Request for Production of Documents (Attachment E, hereto) specifically instructed defendant to identify any document withheld under a claim of privilege, in whole or in part, and any document responsive to plaintiffs' request which is no longer in defendant's control or which was destroyed or otherwise disposed of. In responding to plaintiffs' document requests Nos. 1, 2, 3, 4, 5, 6, 7 and 9, defendant responded with the following general objections:

"Objections: Attorney client privilege and work product doctrine. Overbroad and unduly burdensome...."

6. Defendant's counsel has not stated whether any documents have been withheld for any reason or whether any documents responsive to plaintiffs' requests have been destroyed or otherwise disposed of. We renewed our request to defendant's counsel for such information in our e-mails dated September 19 and 20, 2006. (Attachments C and D hereto).

7. Defendant's counsel's general objections that plaintiffs' requests are "overbroad and unduly burdensome" reveal that defendant may not have made full disclosure of its documents and that material documents may have been withheld. Without identification of such documents, we have no way of determining whether material documents were destroyed or whether other documents to which plaintiffs are entitled have been withheld. The claim that the document request is "overbroad and unduly burdensome" indicates that defendant has selectively chosen documents to produce and may have withheld documents which are directly responsive to our requests.

8. The matter is further confused by the fact that although defendant's counsel indicated in response to the above requests that documents were withheld for attorney-client or work product privilege, he subsequently advised that no documents were withheld for privilege.

9. Undersigned counsel for plaintiffs certifies that prior to filing this motion he conferred in good faith with counsel for defendant by e-mail, but the parties have been unable to resolve their differences.

WHEREFORE, plaintiffs respectfully move that the Court:

1. Order defendant to answer Interrogatories Nos. 4, 5, 6, and 7 and to identify each and every document within the scope of plaintiffs' document requests which has not been furnished counsel for plaintiffs and the reason therefor.

2. Award plaintiffs their reasonable expenses and attorneys' fees incurred in connection with the refusal to answer the interrogatories and to produce the requested documents.

3. Grant plaintiffs such other relief as may be appropriate.

Respectfully submitted,

s/Alan F. Wohlstetter
ALAN F. WOHLSTETTER
DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorney for Plaintiffs

STANLEY I. GOLDMAN
DENNING & WOHLSTETTER
Of Counsel

Dated: September 25, 2006