Att. E

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES., ET AL., | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 05-1278C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs Steven Van Lines, Inc., et al., make the following request for production of documents pursuant to Rule 34 of the Rules of the United States Court of Federal Claims (RCFC). Under Rule 34(b), you are required to serve a written response to this request on counsel for the plaintiffs, no later than 30 days after this request is served on defendant.

DEFINITIONS

1. As used herein, the terms "document" or "documents" mean every written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, tapes, files, computer disks or any other medium in your possession, custody or control known by you to exist, including originals, all copies of originals and all drafts.

2. A document that "relates to" any given subject means any document that, in whole or in part, constitutes, contains, embodies, simplifies, reflects,

identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

## INSTRUCTIONS

1. If any document, or part of a document, is withheld under claim of privilege, furnish a list identifying:

(1) its date;

(2) the name and title of its author(s);

(3) the name and title of each person to whom it was addressed;

(4) the name and title of each person to whom it was distributed

(5) the name and title of each person to whom it was disclosed, in in whole or in part;

(6) the number of pages;

(7) an identification of any attachments or appendices;

(8) a description of its subject matter.

(9) its present location and the name of its present custodian;

(10) the paragraph of Plaintiffs' Request for Production of Documents to which it is responsive; and

(11) the nature of the claimed privilege or other reasons the document is being withheld and a statement of all facts relied on in support of the claim.

Any document or part of a document withheld under a claim of privilege must be preserved. Should you claim a privilege in connection with only a part of a responsive document, the document must be produced with the privileged part redacted and identified as required above.

2. If you are aware of any document otherwise responsive to this request, which document is no longer in your custody or control, or which was destroyed or otherwise disposed of, identify the name and title of the author, the name and the title of the addressee, the date of the document, the subject matter of the document or documents, the last date on which the document was in your control, the reasons for your disposition of the document and all persons who have knowledge of the circumstances surrounding its disposition and state what knowledge each person has.

3. This production request shall be deemed to be continuing under the provision of the Rule 26 (e) of the RCFC.

## DOCUMENTS REQUESTED

1. All documents issued between January 1, 2004 and the present, which relate in any way to the PowerTrack fee which are in the possession, custody or control of officers or employees of SDDC, indicating which persons received a copy of each such document and the date the person received the document.

2. All documents including, but not limited to, transcripts, minutes, audio tapes, memoranda, and notes relating to meetings, including in person or telephone discussions, of SDDC's officers and employees, held during the period January 1, 2004 and the present, at which reimbursement or non-reimbursement of TSPs for PowerTrack fees paid or to be paid to U.S. Bank was discussed.

3. All documents, including but not limited to, transcripts, minutes, audio tapes, memoranda and notes relating to meetings of SDDC's officers and employees with TSPs, representatives of Household Goods Forwarders Association of America (HHGFAA), of American Moving & Storage Association (AMSA) and with other persons representing TSP interests during the period January 1, 2004 and the present at which reimbursement or non-reimbursement of TSPs for the PowerTrack fee paid U.S. Bank was discussed.

4. All documents by which officers or employees of SDDC advised TSPs, HHGFAA, AMSA or other persons representing TSP interests that the PowerTrack fee would be reimbursed during Phase I of Families First, including but not limited to, IW05 and DW05.

5. All documents by which officers or employees of SDDC advised TSPs, HHGFAA, AMSA or other representatives of TSPs interests that the PowerTrack fee would not be reimbursed during IW05 and DW05.

6. All requests and all documents relating to requests from TSPs, HHGFAA, AMSA or other persons representing TSP interests inquiring whether

the PowerTrack fee would be reimbursed during Phase I of Families First, including IW05 and DW05.

7. All responses and all documents relating to the responses to the requests which are the subject of Interrogatory No. 6.

8. All documents advising George Thomas that he did not have authority to advise TSPs or their representatives that the PowerTrack fee would be reimbursed or would not be reimbursed.

9. All documents from officers or employees of SDDC relating to George Thomas's e-mails (a) dated August 10, 2005 to Scott Michael (Pl. App. 31), (b) dated June 30, 2005 to Chuck L. White (Pl. App. 57) and (c) dated July 29, 2005 to Sue Fuchtman and to Steven Savage's e-mail dated June 7, 2005 to Scott Michael (Pl. App. 29).

10. All documents advising Steven Savage or TSPs that his advice to Scott Michael of AMSA by email on June 7, 2005 "wrongly indicated that SDDC's reimbursement of the 1% PowerTrack surcharge would continue until DPS implementation" as stated at page 4 of the letter dated, November 23, 2005, from Col. Steven L. Amato to Terry R. Head, President of HHGFAA and Scott Michael, Vice President of AMSA.

11. All documents advising George Thomas that the confirmation of Steven Savage's advice to AMSA, referred to in request No. 10 was incorrect.

12. All documents advising George Thomas that the posting on the SDDC Web site, on or about August 17, 2005, that "[t]he TSP 1% reimbursement fee will continue for all TSPs participating in Phase I until DPS rolls out in February 2006" was incorrect.

13. A copy of the procedure governing the placement of a question and answer on SDDC's Web site.

14. The written job description and delegation of authority of each person identified in response to Plaintiffs' Interrogatories Nos. 2 and 10.

Respectfully submitted,

Alan F. Wohlstetter
DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorney for Plaintiffs

Stanley I. Goldman
DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Of Counsel

July 17, 2006