IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEVENS VAN LINES, INC., ET AL.,

Plaintiffs

v.

THE UNITED STATES,

Defendant

No. 05-1278C
(Judge Smith)

PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

Plaintiffs Steven Van Lines, Inc., et al., hereby move, pursuant to Rule 37 of the Court of Federal Claims, for an order awarding plaintiffs' attorneys' fees and imposing sanctions against defendant and its counsel for failure to respond to Plaintiffs Motion to Compel and for failure to provide the agreed certification by a SDDC official who personally searched the relevant files that defendant has produced all documents responsive to plaintiffs' document request, failure to provide a complete response to plaintiffs' Interrogatory No. 4, and failure to identify documents withheld on claim of privilege as required by plaintiffs' document request.

## GROUNDS FOR RELIEF

1. Defendant's Failure to Comply with the Agreed Certification of Compliance with Plaintiffs' Document Request.

We maintain that defendant has not complied with the certification regarding defendant's compliance with plaintiffs' document request, which defendant's counsel agreed to furnish during the telephone conference with Judge Loren A. Smith held October 23, 2006. (Att. A). As stated in our Motion to Compel, defendant objected to eight of plaintiffs' document requests on the ground that the requests were "overbroad and unduly burdensome." This objection created uncertainty as to whether any documents were withheld by defendant. After this matter was raised in the conference with Judge Smith on plaintiffs' Motion to Compel, defendant's counsel agreed to provide a certification which included the following: "I have searched the following files for documents: [to be completed]." The SDDC official, Daniel Martinez, who executed defendant's certification did not certify that he personally searched any file and therefore defendant has not complied with the required certification. (Att. B). He only states that he consulted with SDDC personnel. That falls far short of the required certification. Our objection to the certification is substantive, not procedural, since in the absence of a certification that the relevant files have been reviewed by the person executing the

certification, there is still uncertainty as to whether defendant has produced all documents responsive to plaintiffs' document request.

2. Defendants Response to Interrogatory No. 4.

Defendant's response to plaintiffs' Interrogatory No. 4 is materially incomplete on its face based on defendant's own admissions in response to other interrogatories. Plaintiffs Interrogatory 4 requested defendant to provide the following information:

> "4. For each meeting, including in person and telephone discussions, of SDDC's officers or employees, occurring during the period January 1, 2004 to the present at which reimbursement or non-reimbursement of TSPs for PowerTrack fees paid or to be paid was discussed, identify the date and location of the meeting, the persons participating in the meeting and describe in detail what was discussed at the meeting."

Defendant's response identified only a single meeting which took place before DPS was postponed by SDDC:

> "4. On April 21, 2004, a Council of Colonels Committee meeting was held at which the items discussed included the payment of the 1% PowerTrack fee...."

This response that there was only one meeting of SDDC officials or employees and no in person or telephone discussions at which matters within the scope of Interrogatory No. 4 were discussed during the approximately two-year period is beyond belief. Defendant's response there that there was only one meeting on April 21, 2004 is refuted by defendant's own admissions, in the

responses to plaintiffs' Interrogatories Nos. 11 and 12, that Tom Hicks, the then Chief of SDDC's Personal Property Division, told George Thomas, SDDC's designated representative on PowerTrack, in June and again in August 2005 that the PowerTrack fee was to continue to be reimbursed; that Steve Savage, an employee of IBM, a PowerTrack contractor, was advised by an SDDC official in June 2005 that the PowerTrack fee would be reimbursed; and that all senior officers in SDDC's Passenger and Personal Property Directorate eventually knew of Mr. Thomas's emails advising that the PowerTrack fee would continue to be reimbursed. No such discussions were identified and described in detail as specifically required by Interrogatory No. 4. Further, it is incredible to believe that Col. Amato did not meet with Mr. Hicks and/or other SDDC officials before he reversed Mr. Hicks' determination that the PowerTrack fee would continue to be reimbursed.

3. Defendant Failed to Identify Documents Withheld for Privilege.

Defendant's response to plaintiffs' document request is further incomplete because defendant has not identified the documents withheld under a claim for privilege. Defendant's counsel by e-mail, dated September 19, 2006 (Att. C) advised that no documents had been withheld for privilege. Subsequent to the conference with Judge Smith on October 23, 2006, counsel for defendant reversed his prior advice and by e-mail dated November 3, 2006,

counsel admitted that documents had been withheld for privilege. (Att. D). He did not identify any of the documents withheld for privilege as required by the instructions contained in plaintiffs' document request, which provides:

> "If any document, or part of a document, is withheld under claim of privilege, furnish a list identifying [the document and the basis of the claims of privilege]."

Where documents are withheld under a claim of privilege they must be identified so that upon review the Court may determine if the privilege has been properly asserted and has not been used to deny plaintiffs documents to which they are entitled.

PLAINTIFFS' GOOD FAITH EFFORTS TO OBTAIN RESPONSES TO DISCOVERY.

As stated in Plaintiffs' Motion to Compel, plaintiffs served their Interrogatories and Request For Production of Documents on defendant's counsel by hand delivery and, at his request, also by email on July 17, 2006, one week before they were due. Pursuant to the Court's scheduling order, defendant's responses were due August 23, 2006, on which date defendant served responses to interrogatories and produced certain documents. Defendant did not respond to plaintiffs Interrogatory Nos. 4, 5, 6 and 7. Plaintiffs' counsel promptly notified defendant's counsel of the failure to respond on August 23, 2006 by telephone and by email, and by return email defendant's counsel advised that he would provide answers to Interrogatories No. 4-7.

By emails, dated September 14 and September 19, 2006, we repeated our request that defendant respond to the outstanding interrogatories. On September 25, 2006, plaintiffs filed their Motion to Compel and the Court directed defendant to respond by October 12, 2006. Defendant did not respond on that date. A response to Interrogatory Nos. 4-7 was finally received by plaintiffs on October 17, 2006. The inadequacy of that response, as stated above, resulted in the conference call with Judge Smith on October 23, 2006, at which defendant's counsel agreed to provide the specified certification. (Att. A). On October 27, 2006 defendant's counsel provided an incomplete certification (Att. E), which necessitated plaintiffs' email notice, dated October 30, 2006 to defendant's counsel that the certification was not in accordance with the agreement. The second certification, received November 3, 2006 (Att. B) is also not in accordance with the agreement.

The above efforts to obtain responses to plaintiffs' discovery requests from defendant have required plaintiffs' counsel to expend considerable professional time for which they seek attorneys' fees and other relief as set forth below.

## RELIEF REQUESTED

For the above reasons, plaintiffs respectfully move the Court for an order: (1) compelling defendant to provide the required certification by officials who personally searched all relevant files, that all documents required by the document request have been furnished; (2) compelling defendant to provide a complete response to Interrogatory No. 4; (3) compelling defendant to identify each and every document withheld from plaintiffs under a claim of privilege, (4) awarding plaintiffs attorney's fees in the amount of $7,612.50, as established by the attached Declaration and, (5) granting such other relief as may be appropriate.

Respectfully submitted,

s/Alan F. Wohlstetter

ALAN F. WOHLSTETTER
DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorney for Plaintiffs

STANLEY I. GOLDMAN
DENNING & WOHLSTETTER
Of Counsel

Dated: November 2006