Att. A

October 23, 2006

In my capacity of an employee or officer of SDDC, I have personally conducted or supervised the search and collection of documents responsive to Plaintiffs' Request for Production of Documents and the obtaining of information for responses to Plaintiffs" Interrogatories. To the best of my knowledge, information and belief, the documents furnished to plaintiffs' counsel are all of the documents within the scope of the said document request and the response to each of Plaintiffs' Interrogatories 4-7, inclusive, is true and complete. In connection with the responses to Plaintiffs" Interrogatories 4-7, inclusive, I personally consulted Tom Hicks, George Thomas, Col. Thomas Keller, Col. Steven Amato, Donna Jack, Cullen Hutchinson, Steve Savage and Steffen Fry. I have searched the following files for documents:

____________________ ________________________________________

Date Name and Title

Att. B

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 05-1278 C<br>Judge Smith |

## Certification of Interrogatory Responses

In my capacity as an employee or officer of SDDC, I have obtained information for responses to Plaintiffs' Interrogatories 4-7, inclusive. To the best of my knowledge, information and belief, the response to each of Plaintiffs' Interrogatories 4-7, inclusive, is true and complete. In connection with the responses to Plaintiffs' Interrogatories 4-7, inclusive, I consulted SDDC personnel (Tom Hicks, George Thomas, Colonel Steven Amato, Donna Jack and C.J. Dabo) and IBM personnel (Barbara Tengs). I did not consult Colonel Thomas Keller since he left SDDC in the spring of 2005. I also did not consult Steven Savage and Steffen Frye as these two individuals are no longer IBM employees at SDDC. No new documents were produced in response to my most recent of multiple requests. Despite cooperation, I nonetheless made multiple requests based on abundance of caution. The answers supplied in response to Plaintiffs' Interrogatories 4-7, inclusive relied on the documents that had previously been provided to Plaintiffs. I also located an additional document, notes from the Military Personal Property and Claims Symposium, March 17, 2005, which was provided with the responses to Plaintiffs' Interrogatories 4-7.

I also undertook the search for and collection of documents responsive to Plaintiffs' Request for Production of Documents. To the best of my knowledge, information and belief, the documents furnished to Plaintiffs' counsel are all of the documents within the scope of the said document request and are true and complete. In connection with the responses to Plaintiffs' Request for Documents, I consulted SDDC personnel (Tom Hicks, George Thomas, Colonel Steven Amato, Donna Jack and C.J. Dabo) and IBM personnel (Barbara Tengs). In response to my requests, SDDC and IBM personnel provided both email and hard copy documents from files that these officers and employees maintain. Based on my inquiries, it is my understanding that there is no central file for documents related to the PowerTrack fee. I also searched Cullen Hutchinson's computer for documents.

Daniel Martinez
Traffic Management Specialist
10/31/06

Att. C.

Subj: **Re: Stevens Van Lines et al v. United States**
Date: 9/19/2006 11:18:16 AM Eastern Daylight Time
From: [illegible]
To: [illegible]

No docs withheld for privilege. Am in trial now. Will follow up w/agency on 'rog answers. No more job descriptions located now.

----- Original Message -----
From: Awohlstetter@aol.com <Awohlstetter@aol.com>
To: Smith, Brian (CIV)
Sent: Tue Sep 19 10:58:08 2006
Subject: Stevens Van Lines et al v. United States

September 19, 2006

Brian S. Smith, Esq.
Brian.smith@usdoj.gov

Re: Stevens Van Lines, Inc. et al. v. United States, No. 05-1278

Dear Mr. Smith:

This is to request that you comply with Plaintiffsâ?? Request for Production of Documents, Nos. 1, 2, 3, 4, 5, 6, 7 and 9 and identify each and every document which was not produced under a claim of privilege, was destroyed or otherwise disposed of or was withheld for any other reason, as required in our request.

The general objection you made that the requests are â??overbroad and unduly burdensomeâ?? indicates that material documents responsive to our requests may not have been produced.

I also renew our request, followed up several times, that defendant respond to Plaintiffsâ?? Interrogatories Nos. 4-7, inclusive, and produce the written job descriptions and delegations of authority to Col. Thomas G. Keller and Col. Steven L. Amato.

Unless you respond by e-mail by close of business Thursday, September 21, 2006, I intend to file with the Court a motion to compel responses to our interrogatories and document requests.

Sincerely,

Alan F. Wohlstetter

Att. D

Subj: **Re: Fwd: Steven Van Lines, Inc. et al. v. United States, No. 05-1278**
Date: 11/3/2006 9:37:41 AM Eastern Standard Time
From: [illegible]
To: [illegible]

stan,

Attached please find an adjusted certification. Please confirm that this is acceptable.

In addition, I'm going to make a small clarification of one of my previous statements: When I've said that no document has been withheld for privilege, that referred to any contemporaneous documents related to Powertrack/reimbursement, etc. We have not, however, nor do we intend to, provide you with documents from either me or agency counsel to each other or to anyone else regarding the litigation or our litigation-related efforts.

Thanks,

-- Brian

***Awohlstetter@aol.com*** wrote:

From: Awohlstetter@aol.com
Date: Mon, 30 Oct 2006 11:46:31 EST
Subject: Steven Van Lines, Inc. et al. v. United States, No. 05-1278
To: brian.smith@usdoj.gov

October 30, 2006

Brian S. Smith, Esq.
[illegible]

Re: Steven Van Lines, Inc. et al. v. United States, No. 05-1278

Dear Brian:

The Certification of David Martinez on its face shows that the responses to Interrogatories 4-7 are not complete. Mr. Martinez states only that he reviewed the documents previously furnished him. The certification discussed during our recent conference with Judge Smith specifically required the person making the certification to state:

> â€œIn connection with the responses to each of Plaintiffsâ€™ Interrogatory 4-7 inclusive, I consulted Tom Hicks, George Thomas, Col. Thomas Keller, Col. Amato, Donna Jack, Cullen Hutchinson, Steven Savage and Steffen

Att. E

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., | ) | |
| Plaintiff, | ) | No. 05-1278 C |
| v. | ) | Judge Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## Certification of Interrogatory Responses

In my capacity as an employee or officer of SDDC, I have obtained information for responses to Plaintiffs' Interrogatories 4-7, inclusive. To the best of my knowledge, information and belief, the response to each of Plaintiffs' Interrogatories 4-7, inclusive, is true and complete. In connection with the responses to Plaintiffs' Interrogatories 4-7, inclusive, I collected and summarized the information provided in responses 4-7 from the documents that were previously provided in response to Plaintiffs' Request for Documents. I also located an additional document, notes from the Military Personal Property and Claims Symposium, March 17, 2005, which was provided with the responses to Plaintiffs' Interrogatories 4-7.

Daniel Martinez

Traffic Management Specialist

October 27, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEVENS VAN LINES, INC., ET AL., Plaintiffs v. THE UNITED STATES, Defendant | No. 05-1278C (Judge Smith) |

DECLARATION OF STANLEY I. GOLDMAN

My name is Stanley I. Goldman. I am a partner in the law firm of Denning & Wohlstetter, in which capacity I serve as Of Counsel for plaintiffs in this proceeding. I submit this Declaration in support of plaintiffs' request for reasonable attorney's fees incurred in connection with attempts to obtain responses from defendant to plaintiffs' Interrogatory Nos. 4-7, inclusive, and to Plaintiffs' Request for Production of Documents and in connection with plaintiffs' Motion to Compel. I state as follows:

1. I have reviewed the time records of the law firm of Denning & Wohlstetter to determine the time expended for legal services in connection with the attempts to obtain defendant's response to plaintiffs' discovery during the period August 23, 2006 through November 8, 2006.

2. My review determined that Alan F. Wohlstetter attorney for plaintiffs expended 8.0 hours at his billing rate of his billing rate of $350 per hour for a total of $2,800.00 and that Stanley I. Goldman expended 19.25 hours at his billing rate of $250 per hour for a total due of $4,812.50.

3. The total legal fees due plaintiffs for services in attempting to obtain defendant's responses to plaintiffs' discovery requests is $7,612.50.

I hereby declare under penalty of perjury that the foregoing is true and correct.

s/Stanley I. Goldman
Stanley I. Goldman

Dated: November 8, 2006