IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1278C |
| v. | ) | (Judge Smith) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, responds to the plaintiffs's ("Stevens's") "motion for relief pursuant to plaintiffs' motion to compel defendant to answer interrogatories and produce document" ("motion for relief") as follows and respectfully requests the Court to deny Stevens's motion for any of the reasons discussed below and, pursuant to RCFC 37(a)(4)(B), to enter a protective order preventing Stevens from filing further discovery motions pending resolution of the parties' cross motions for summary judgment.

ARGUMENT

I. Stevens Is Not Entitled To Relief

Stevens's motion for relief is ill-founded for the simple reason that it seeks sanctions which are unavailable under the Rules of this Court because the Court did not grant plaintiffs's earlier motion to compel, nor was the relief sought in Stevens's motion to compel even pursued. RCFC 37(a)(4)(A). Instead, Stevens's motion to compel was resolved short of full briefing

and argument at the telephone conference with the Court on October 23, 2006, when, contrary to its own motion to compel and its own discovery requests, Stevens requested that the defendant supply certain new "certifications" regarding its discovery responses. Defendant supplied those certifications to Stevens prior to Stevens filing this motion and are attached to Stevens's motion at attachment B. As a result, there is simply no basis for granting the new relief that Stevens seeks, and certainly not its attorney fees (which are excessive both in rate and time expenditures – especially considering that they were apparently directed at producing the motion to compel which was made moot by Stevens's own suggestion/agreement regarding the certifications). RCFC 37(b)(2) states that a party must "fail to obey" a pre-existing court order before a court may impose sanctions. See Morris v. United States, 37 Fed. Cl. 207, 212-13 (1997). Sanctions are thus inappropriate in circumstances where, as here, a court does not order the production of documents. Id.

Because it cannot argue that we did not supply the requested certifications, Stevens quibbles only with the content of the certification regarding the Government's collection of documents responsive to Stevens's document requests. Stevens apparently would prefer that our certification adhere more to the form that Stevens supplied than to the truth, but the fact is that Mr. Martinez did not personally search all of the files that were

collected during discovery and instead the gathering of documents was a group effort in which Mr. Martinez participated. A simple review of Mr. Martinez's certification confirms that it is precisely what we agreed to produce at the October 23, 2006, telephone conference – that is, a certification regarding the accuracy, and completeness of the document search.

It is certainly also worth noting that the November 3, 2006, email that transmitted this certification (attachment D to Stevens's motion) contained the request to plaintiff's counsel to "please confirm that this is acceptable" – a request that was not honored inasmuch as Stevens's motion for relief was the next thing we heard on the topic. As such, to the extent that Stevens's motion for relief is construed as another motion to compel, it was not brought after a good faith effort to resolve any dispute. In fact, no dispute regarding the certification was ever identified.

II. The Other Relief That Stevens Seeks Is Moot

In addition to recovering its attorney fees, Stevens also seeks yet another series of certifications (apparently from those individuals who gathered the files in concert with Mr. Martinez) that are not required under the rules of discovery, are in addition (and redundant to) the certification already provided, were never requested from defendant prior to Stevens filing its motion for relief, and this new request comes after the discovery

period has been closed. Moreover, Stevens' motion for relief was filed two days after it filed its opposition/reply brief – Stevens' last word in the briefing of the parties' cross-motions for summary judgment. The limited discovery period was expressly requested by Stevens in order to facilitate its response to our cross-motion for summary judgment. Inasmuch as Stevens's counsel has repeatedly affirmed that no extension of its opposition/reply deadline was sought or needed, by definition the additional certification/information that Stevens now seeks is not required for its briefing and is, therefore, entirely moot.

The same reasoning applies to Stevens's repeated request for a "complete response to Interrogatory No. 4." As discussed previously with the Court at some length, we responded to interrogatory 4 once Steven's mistake in assembling its interrogatories was corrected. Interrogatory 4 was a subject of Stevens's motion to compel, but was similarly abandoned by Stevens in favor of the certifications that Stevens requested at the October 23, 2006, status conference, discussed above. Because Stevens has already fully-briefed the cross-motions for summary judgment, further response to interrogatory 4 is similarly unjustified and unnecessary.[1]

[1] As further testament to Steven's propensity for unnecessarily complicating this case since its inception, after suggesting that an exchange of summary judgment motions was the best course of action because of a perceived lack of factual

Finally, Stevens seeks identification of "each and every document withheld from plaintiffs under a claim of privilege." Yet again, we had already responded to this question (that no documents were withheld for privilege) both formally and informally prior to Stevens's motion to compel, and that issue also was resolved by Stevens's request for certifications at the October 23, 2006, telephone conference. After the telephone conference, and given Stevens's litigiousness, we chose to clarify our response with the November 3, 2006, email. Attachment D. We indicated that, although no contemporaneous documents were withheld for privilege, several post-litigation emails were initiated by or between Government counsel. Id.

---

disputes, Stevens then sought a discovery period in which to obtain information necessary to respond to our cross-motion for summary judgment. Yet Stevens never requested to take a single deposition – which is surely a more efficient way to obtain the type of information that Stevens has sought to obtain by written discovery requests, certifications, and two separate discovery motions regarding our responses. The rules of discovery provide generally that discovery information is to be obtained in the least burdensome method possible. See, RCFC 26(b)(2). To the extent that Stevens wished to learn about meetings and statements made by various Government personnel concerning the Powertrack billing system, depositions would have been a far less burdensome technique and would have permitted Stevens to immediately clarify any response it did not understand, and to explore its several "theories" about what each Government witness, to the best of their recollection, did, knew, and heard during the relevant time frames. In addition, given Stevens's "explanations" for why it believes our earlier discovery responses were incomplete, etc., it is readily foreseeable that factual disputes are now being created by Stevens – potentially precluding summary judgment and making this entire exercise a waste of time and resources.

These emails were not produced to the plaintiffs in discovery. Id. Because those documents are not contemporaneous (and thus are irrelevant to this case (see RCFC 26(b)(1)), and are outside the scope of discovery (especially considering the limited scope of the recently-concluded discovery (Id.)), we are not required to "identify" them to Stevens, regardless of its discovery requests, motion to compel, or motion for relief.

CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court to deny Stevens's motion for relief and, pursuant to RCFC 37(a)(4)(B) to enter a protective order preventing Stevens from filing further discovery motions pending resolution of the parties' cross motions for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

Attorneys for Defendant

November 27, 2006

CERTIFICATE OF FILING

I hereby certify that on November 27, 2006, a copy of foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian S. Smith