IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVENS VAN LINES, INC., ET AL., | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 05-1278C (Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO ITS MOTION TO COMPEL AND RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs Stevens Van Lines, Inc., et al. hereby reply to Defendant's Opposition to Plaintiffs' Motion for Relief and respond to Defendant's Motion for a Protective Order.

ARGUMENT

I. PLAINTIFFS ARE ENTITLED TO RELIEF PROVIDED UNDER RULE 37 PURSUANT TO THEIR MOTION TO COMPEL.

Defendant's counsel first contends that plaintiffs are not entitled to relief under Rule 37 because the Court did not issue an order granting plaintiffs' Motion to Compel and because plaintiffs have not pursued the relief requested in their motion. These contentions are without merit because plaintiffs' Motion to Compel has never been abandoned and is still pending

before the Court. By its subsequent motion, plaintiffs continue their request that the Court grant relief because of defendant's failure to fully comply with plaintiffs' discovery.

Plaintiffs filed the Motion to Compel because defendant, despite repeated requests, did not respond to plaintiffs' Interrogatory Nos. 4-7 and because there is a substantial question as to whether defendant has produced all documents responsive to plaintiffs' document requests. Despite the fact that plaintiffs' counsel made numerous telephone and e-mail requests for response to these interrogatories, defendant did not respond to Interrogatory Nos. 4-7, until October 17, 2006, 55 days after the due date of August 23, 2006 and five days after the due date of October 12, 2006 for defendant's response to Plaintiffs' Motion to Compel, which still has not been filed.[1]

Rule 37(a) (4) (A) specifically provides for the award of reasonable expenses, including attorneys' fees, where as here, the requested discovery is provided after the Motion to Compel was filed. Rule 37(a) (4) (A) provides in pertinent part:

---

[1] Defendant's counsel states the responses to Interrogatory Nos. 4-7 were not made when due on August 23, 2006 because the electronic transmission was garbled. The fact is that the interrogatories were served in hard-copy by hand. The electronic transmission, which defendant's counsel claims to have been garbled, was an additional service in response to defendant's counsel's request.

"(4) **Expenses and Sanctions**.

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees...." (Emphasis supplied)

Plaintiffs request the award of attorneys' fees pursuant to Rule 37 (a) (4) (A).

## II. DEFENDANT HAS NOT FURNISHED THE CERTIFICATION AGREED TO DURING THE COURT CONFERENCE.

The response to plaintiffs' discovery received on October 17, 2006 was materially incomplete on its face. For that reason, plaintiffs' counsel requested the telephone conference with Judge Smith, held on October 23, 2006, at which we pointed out that defendant's responses to Interrogatory Nos. 4-7 were incomplete based on defendant's own admissions in response to other interrogatories and that there remained a genuine question as to whether all documents responsive to plaintiffs' document requests had been produced from defendant's files.

To resolve this matter, we proposed that the following certification be executed by an officer or employee of defendant's Surface Deployment and Distribution Command (SDDC):

> "In my capacity as an employee or officer of SDDC, I have personally conducted or supervised the search and collection of documents responsive to Plaintiffs' Request for Production of Documents and the obtaining of information for responses to Plaintiffs" Interrogatories. To the best of my knowledge, information and belief, the documents furnished to plaintiffs' counsel are all of the documents within the scope of the said document request and the response to each of Plaintiffs' Interrogatories 4-7, inclusive, is true and complete. In connection with the responses to Plaintiffs" Interrogatories 4-7, inclusive, I personally consulted Tom Hicks, George Thomas, Col. Thomas Keller, Col. Steven Amato, Donna Jack, Cullen Hutchinson, Steve Savage and Steffen Fry. <u>I have searched the following files for documents</u>…[to be completed]." (Emphasis supplied).

At the Court conference, defendant's counsel agreed to have this certification executed. Based upon defendant's agreement to provide the certification set forth above, the Judge terminated the conference. However, as shown below, defendant omitted an essential provision of the certification agreed to by deleting the requirement that the person executing the certification specifically identify the files he searched.

Moreover, Mr. Martinez's certification regarding the responses to Interrogatories Nos. 4-7 is also deficient because he states that the responses were based on the same "documents…previously provided in response to Plaintiffs' Request for Documents."

Defendant then submitted a second certification by Mr. Martinez with his responses to the interrogatories which reaffirms that the responses to the

interrogatories are based solely on documents previously provided to him. However, Interrogatory No. 4 requests the identification of meetings, in person discussions and telephone discussions involving reimbursement of the PowerTrack fee even when no written record was made. Clearly therefore defendant's certifications to Interrogatory No. 4, which are based solely on documents, establish that defendant's response does not fully comply with plaintiffs' discovery.

## III. DEFENDANT'S RESPONSE TO INTERROGATORY NO. 4 IS STILL INCOMPLETE.

The principal reason for the certification requested during the Court conference was that defendant's response to Interrogatory No. 4 was incomplete based on defendant's responses to other interrogatories. Interrogatory No. 4 requested:

> "4. For each meeting, including in person and telephone discussions, of SDDC's officers or employees, occurring during the period January 1, 2004 to the present at which reimbursement or non-reimbursement of TSPs for PowerTrack fees paid or to be paid was discussed, identify the date and location of the meeting, the persons participating in the meeting and describe in detail what was discussed at the meeting."

Defendant's response to Interrogatory No. 4 identified only one meeting, held on April 21, 2004. That the response is not complete is established by defendant's response to Interrogatory No. 11, which states:

> "Mr. Thomas recalls being informed by Mr. Hicks through several verbal communications that the one percent PowerTrack fee would be reimbursed to TSPs until DPS rolls out. Mr. Thomas recalls these communications being made around the time of the June 2005 and August 2005 emails identified in Interrogatory No. 12."

This is an admission by defendant that SDDC's Chief of Personal Property had discussions with George Thomas in June and August 2005 during which Mr. Hicks told Mr. Thomas that the PowerTrack fee reimbursement would continue until DPS. Defendant's response to Interrogatory No. 12 indicates there were other meetings or discussions on reimbursement or non-reimbursement of the PowerTrack fee. Defendant admits that all senior officials learned of the advice to TSP representatives that the PowerTrack fee would be reimbursed until DPS became effective and that an SDDC official so advised Steve Savage an employee of IBM, a PowerTrack contractor. Despite the fact that Interrogatory No. 4 required the identification of all such communications, whether oral or written, they were not identified in defendant's response.

Frankly, it is beyond belief that no meetings or discussions between SDDC officials occurred since January 1, 2004 on a matter of such importance to SDDC and to TSPs as reimbursement or non-reimbursement of the PowerTrack fee.

For the above reasons, we ask the Court to issue an order to compel defendant to provide a complete response to Interrogatory No. 4. As the Court stated in Morris v. United States, 37 Fed. Cl. 207, 214 (1997):

> "However, we must emphasize, at this posture, that delaying tactics and inadequate answers will not be favorably viewed. The defendant is hereby notified that should the court determine that defendant has, without adequate reasons, failed to fully respond to outstanding discovery, the Court will with all due deliberate speed impose appropriate sanctions pursuant to RCFC 37(b)(2)..."

## IV. THE RELIEF SOUGHT BY PLAINTIFFS IS NOT MOOT.

Defendant contends that plaintiffs' request for compliance with their discovery requests is moot because plaintiffs have filed their opposition and reply brief and because plaintiffs made a new request for certifications regarding documents after the close of discovery. For the following reasons we maintain that the relief sought by plaintiffs is not moot; nor have plaintiffs sought additional discovery after the close of the discovery period.

Plaintiffs' discovery requests were submitted to defendant on July 17, 2006. Defendant's failure to provide complete responses is due to its own unexplained delay in responding to Interrogatories Nos. 4-7 and its objection to the document requests. As shown above, defendant still has not provided a complete response to Interrogatory No. 4 and the certifications executed give little assurance that all responsive documents have been provided. Contrary to

the contention of defendant's counsel, plaintiffs did not abandon their Motion to Compel by offering the certification during the telephone conference on October 23, 2006. The certification was offered as a means of obtaining assurance from defendant that defendant's responses to the discovery are complete. That assurance has not been provided. Defendant's contention that, except for a single meeting which took place in April 2004, there were no meetings, in person discussions or telephone discussions, between SDDC officials or employees regarding reimbursement or non-reimbursement of the PowerTrack fee, when the decision to continue reimbursement until February 2006 was made in June 2005, is beyond belief.

Defendant's counsel contends in footnote 1 that plaintiffs should have sought this information through depositions rather than through an interrogatory.[2] The reason for Interrogatory No. 4 was to have defendant identify all discussions which took place, at meetings or by telephone, which related to the reimbursement or non-reimbursement of the PowerTrack fee so that plaintiffs' counsel could determine whether a deposition was necessary and if so, who to depose. Defendant's stonewalling of its response to Interrogatory No. 4 has prevented plaintiffs from obtaining this information.

---

[2] Defendant's counsel also contends in footnote 1 that we are attempting to create an issue of fact to prevent a decision on the motions for summary judgment. That is incorrect. Both parties admit the facts are undisputed and that summary judgment is the appropriate procedure.

Defendant's counsel contends that the discovery requests are now moot because plaintiffs' opposition/reply brief has been filed. However, should the Court require defendant to execute the certification in the form agreed to by defendant's counsel during the Court conference of October 23, 2006 and as a result defendant identifies additional documents or in person meetings or telephone discussions, plaintiffs reserve the option of appropriately bringing these matters to the attention of the Court.

V. DEFENDANT FAILED TO IDENTIFY DOCUMENTS WITHHELD FOR PRIVILEGE.

Defendant's counsel, after having earlier represented that no documents were being withheld because of privilege, refuses to identify documents, which he now admits have been withheld, on the ground that such documents are "not contemporaneous" and thus are irrelevant and outside of the scope of discovery. Any documents within the scope of plaintiffs' document requests, which are claimed to be privileged, are required to be identified so that upon review the Court may determine if the privilege has been properly asserted or has been used to deny plaintiffs documents to which they are entitled. For this reason, we ask the Court to order, as required by the specific terms of plaintiffs' document requests, that defendant identify all documents withheld under a claim of privilege.

## VI. RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER.

Plaintiffs maintain that defendant's Motion for a Protective Order under Rule 37 (a) (4) (B) to prevent plaintiffs from filing further discovery motions pending resolution of the cross-motions for summary judgment should be rejected or denied on the ground that such motion is permitted only if a motion to compel has been denied, which is not the case here.

## CONCLUSION

For the above reasons, plaintiffs respectfully request the Court to grant the relief requested by plaintiffs' in the pending Motions.

Respectfully submitted,

s/Alan F. Wohlstetter
ALAN F. WOHLSTETTER
DENNING & WOHLSTETTER
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorney for Plaintiffs

STANLEY I. GOLDMAN
DENNING & WOHLSTETTER
Of Counsel

Dated: December 4, 2006